```
             UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION

MARK CLAYTON,                  )
                               )
      Plaintiff                )
                               )    No. 3:13-1211
v.                             )    Judge Sharp/Brown
                               )    Jury Demand
CHIP FORRESTER, et al.,        )
                               )
      Defendants               )
```

## O R D E R

A lengthy case management conference was held in this matter on December 30, 2013. Procedurally, this case became wrapped around the axle at a very early stage. The Tennessee Rule of Civil Procedure 15.01 allows a plaintiff to amend his complaint once as a matter of right prior to service. In this case the Plaintiff filed his complaint in state court on August 5, 2013, and then filed the first, second, and third amended complaints on August 2, 2013, August 13, 2013, and September 23, 2013, respectively. Permission was neither sought nor granted by the Tennessee Court for these last two amendments.

The Plaintiff then served six Plaintiffs with the third amended complaint. A copy of the third amended complaint is contained in Docket Entry 1-1, pp. 42-55.[1] The removing Defendants, rather than resolving the service issue in circuit court, removed the case to federal court and promptly filed a motion (Docket Entry 4) requesting the court to (1) strike the second and third amended

---

[1] The Defendants filed all the pleadings from state court as a single exhibit. Each of the documents filed in state court should have been attached as separate exhibits for ease of reference.

complaints; (2) declare service on the Defendants invalid; and (3) dismiss the action for lack of service or, alternatively, order Plaintiff to properly serve the improperly served Defendants with the appropriate complaint in this action within the time provided for in Rule 4. With all due respect, this motion mixes apples and oranges. If the Defendants were not properly served, then there should be no removal.

The Magistrate Judge in considering this motion (Docket Entry 4) will **GRANT** it in part and adopt the relief proposed in Item 3. The Magistrate Judge will permit the Plaintiff to amend his complaint and the operative complaint in this matter at this time will be the complaint filed on September 23, 2013 (Docket Entry 1-1, pp. 42-55).

The Plaintiff will have to now reserve the Defendants in this case. Counsel for the Defendants Medlin, Briley, Crutchfield, Maynard and Cheek, is requested to consult with his clients and other members of the Democratic Election Board to see if they will allow him to accept service on their behalf. Defendants' counsel should notify the Plaintiff whether he will be able to accept service of process on behalf of any of the Defendants on or before **January 10, 2014.**

During the hearing the Plaintiff stated that he would like to change a couple of items in the third amended complaint. Counsel for the Defendants advised that he had sent a Rule 11 letter to the Plaintiff. The Magistrate Judge also discussed with

2

the Plaintiff the fact that the Democratic State Primary Board, (Board) is made up of a male and female representative from each of the senatorial districts from the democratic party and from individual members of the democratic party. The Magistrate Judge also expressed considerable doubt that the complaint involved the Federal Voting Right Act as the Magistrate Judge did not see any action by the Board to fail to certify the Plaintiff as the democratic senatorial nominee of the Democratic party, or to prevent his name from appearing on the general election ballot as the democratic candidate.

Counsel for the responding Defendants advised that he would furnish the Plaintiff with a letter stating what action the Board took in this matter, which he stated was to convene, unanimously vote to certify the Plaintiff as the democratic candidate to the various election commissions and to adjourn.

In view of the Rule 11 letter, the discussion in court, and the Plaintiff's statement that he wished to make at least some changes to his third amended complaint, the plaintiff may have until **January 10, 2014**, to file an amendment. In view of the Magistrate Judge's ruling on the motion to dismiss or strike (Docket Entry 4), the motion to reinstate other motions (Docket Entry 15) filed by the Plaintiff is **TERMINATED** as moot. This case was removed to the federal court on November 1, 2013[2]. Under Rule

---

[2]The Magistrate Judge will use this latter date rather than the date the case was filed in state court.

3

4(m) the Plaintiff will need to accomplish service of process on all Defendants within **120 days** of that date or, absent any extension granted by the Court, any claims against any unserved Defendants will be dismissed without prejudice.

The Plaintiff filed a motion for preliminary injunction (Docket Entry 20). After discussion with the parties the Plaintiff agreed to **withdraw** this motion without prejudice to being refiled once he has had an opportunity to consider the matters discussed in court. The Magistrate Judge did opine that, to the extent that he had to provide a report and recommendation on the motion for preliminary injunction, he would have great difficulty in finding that an injunction was needed to prevent irreparable harm, given that the election was completed in 2012 and it does not appear that the Plaintiff is involved in an active election at this point.

In view of the Magistrate Judge's ruling on Docket Entry 4, Docket Entry 21 is also **TERMINATED** as moot.[3]

The Magistrate Judge raised with the parties whether if in filing a new amended complaint as discussed above, the Plaintiff does not allege violation of the Federal Voting Right Act, whether there would be federal questions sufficient to give federal jurisdiction over a complaint which raises purely state law issues.

---

[3]Docket Entry 21 is actually a response to the Defendants' motion to dismiss (Docket Entry 4) and should not have been filed as a separate motion.

Finally, the Plaintiff raised an issue as to whether his supporters could file petitions with the court about this case. As a *pro se* Plaintiff, Mr. Clayton is entitled to represent himself. The case will be decided on the legal merits of the claims and defenses raised in the case. Cases are decided on the law and facts, not by the number of names on a petition. This is a lawsuit, not an election.

Following the Plaintiff completing the amended complaint and serving it as required by the Rules, the Magistrate Judge will conduct another case management conference for the purpose of entering any scheduling order that is necessary.[4]

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[4] The Plaintiff, during the course of the hearing, was advised of his right to appeal a decision of the Magistrate Judge, or to object to a report and recommendation of the Magistrate Judge.