IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK CLAYTON, | ) |
|        Plaintiff, | ) |
| vs. | ) Cv. No. 3:13-cv-01211 |
| | ) Judge Sharp / Magistrate Judge Joe Brown |
| CHIP FORRESTER, et. al | ) |
|        Defendants. | ) |

**To: The Honorable Kevin H. Sharp, District Judge**

### Report and Recommendation

Presently pending before the Magistrate Judge is defendants' motion to dismiss for failure to state a claim. (Docket Entry ("Doc.") 107) For the reasons explained below, the undersigned **RECOMMENDS** that the defendants' motion be **GRANTED in Part** and plaintiff's claims under the Voting Rights Act of 1965 be **DISMISSED**. Further, the Magistrate Judge **RECOMMENDS** that the District Court, in its discretion, decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims and **REMAND** those claims to the Circuit Court for Davidson County, Tennessee, from which they originated.

### I. INTRODUCTION AND BACKGROUND

In 2012, Mark Clayton ("Plaintiff") was selected by Tennessee's democratic voters in the primary election as the Democratic candidate for United States Senate. (Plaintiff's 4th Amended Complaint ("Complaint"), Docket Entry ("Doc.") 34, p. 6 ¶ 21) Shortly thereafter, the powers that be within the Tennessee Democratic Party ("TDP") allegedly determined that Plaintiff was not a candidate worthy of their support and began a write-in campaign to disavow and discredit Plaintiff. (Complaint at p. 7 ¶ 24; Defendants' Motion to Dismiss ("M. to Dismiss"), Doc. 108, p. 4) According to Plaintiff, TDC party members stated publicly that he was not a bona fide

Democrat, that Plaintiff was a member of a hate group, that Plaintiff won the primary because his name was printed first on the ballot, and defendants made other disparaging remarks regarding him to members of the press. (Complaint at p. 7 ¶¶ 25-30; M. to Dismiss at p. 104)

Plaintiff also complains that the TDC gave more favorable treatment to other democratic candidates for other races such as displaying their pictures on the TDP website while excluding him. (Complaint at pp. 8-9 ¶¶ 24, 40; M. to Dismiss at p. 4) Further, when Plaintiff entered the TDP headquarters on October 12, 2012 to complain, defendants had him forcibly removed by the police. (Complaint at p. 10 ¶ 43; M. to Dismiss at p. 4) Despite these alleged actions, Plaintiff's name remained on the ballot for the general election as the Democratic candidate for the United States Senate in November of 2012. (M. to Dismiss at p. 5)

On August 5, 2013, Plaintiff filed complaint against 72 defendants who are either employees or officers of the TDP. (Notice of Removal, Doc. 1, p 3 ¶ 7) Many of the named defendants also sit upon the TDP's executive committee. (Notice of Removal, Doc. 1, p 3 ¶ 7) In his complaint, Plaintiff alleges eight violations of Tennessee election laws, Tenn. Code Ann. § 2-1-101 *et seq*, and one claim alleging violation of the Voting Rights act of 1965, 42 U.S.C. 1973 ("the Act."). According to Plaintiff, defendants' conduct violates provisions of Tennessee law regarding election procedures and conduct of the Democratic Primary Board that may subject defendants to criminal penalties, and provisions of the Act that prohibit "any state or political subdivision" thereof from adopting voting procedures or prerequisites that would disenfranchise minority voters. (Complaint at pp. 11-20)

On November 1, 2013, defendants noticed removal of the case from state court to the Federal District Court for the Middle District of Tennessee asserting jurisdiction under 28 U.S.C. § 1331 due to Plaintiff's claims under 42 U.S.C. § 1973. (Notice of Removal, Doc. 1) On April

15, 2014, defendants moved for dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). (M. to Dismiss, Doc. 108, pp. 1-26) Plaintiff responded on April 29, 2014, (Response, Doc. 118), to which defendants filed reply on May 12, 2014. (Reply, Doc. 121)

This matter is properly before the court.

## II. **ANALYSIS**

### A. Standard of Review

In considering the dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must "construe the complaint in a light most favorable to plaintiff[], accept all plausible well-pled factual allegations as true, and draw all reasonable inferences in plaintiff['s] favor." *Lutz v. Chesapeak Appalachia, LLC.*, 717 F.3d 459, 464 (6th Cir. 2013) (citing *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs., LLC*, 700 F.3d 829, 835 (6th Cir. 2012)). Despite this instruction to construe the complaint liberally in the plaintiff's favor, the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2013) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)). Rather, sufficient facts must be alleged "to raise a right to relief above the speculative level,' and 'state a claim to relief that is plausible on its face." *Tam*, 583 F.3d at 903 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Ultimately, because a Rule 12(b)(6) motion tests the sufficiency of the complaint, the court's review amounts to a determination of whether it is possible for the plaintiff to prove any set of facts in support of his claims that would entitle him or her to relief. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (explaining that a court "should deny [a Rule 12(b)(6) ] motion

3

unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief"); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) ("The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."); *Schied*, 859 F.2d at 436 (noting that "[a] Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint" and explaining that a claim should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

## B. Plaintiff's Claims

Plaintiff asserts a myriad of claims predicated upon Tennessee law governing political parties and primary elections and criminalizing certain conduct under those statutes.[1] (Complaint, Doc. 34, pp. 11-20) Plaintiff also asserts that this same conduct constitutes a violation of the Act. Plaintiff argues that "[i]n disavowing Plaintiff as the party nominee based in part on their allegation[s] that voters for the Plaintiff were unable to read, right, understand, or interpret Democratic matters in the English language, Defendants and/or their agents abrogated [the voters'] rights and privileges." (Complaint, Doc. 34, p. 18 ¶ 106) In response, defendants collectively assert that "the Complaint does not contain allegations that any person, or class of person, was prevented from voting in the Primary Election." (M. to Dismiss, Doc. 108, p. 23)

The Act provides that "no voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision [to the]

---

[1] According to Plaintiff, the defendants' conduct 1) was not open and transparent as is required by Tenn. Code Ann. § 2-13-108; 2) is a dereliction of defendants' duties under Tenn. Code Ann. § 2-19-102; 3) violated his rights under Tenn. Code Ann. § 2-19-103 as a primary candidate; 4) "effectively voided his primary victory" despite the fact that his name remained on the general election ballot as the official Democratic Party candidate in contravention of Tenn. Code Ann. § 2-19-114; 5) caused individuals "bound by [Tenn. Code Ann. 2-19-104] to not treat [him] as the duly elected party nominee;" 6) constituted willful conduct in violation of Tenn. Code Ann. § 2-19-113; 7) denied him "a fair copy of the list of votes" in contravention of Tenn. Code Ann. § 2-19-112. Further, Plaintiff asserts that in having him removed from the TDP's party offices constitutes false imprisonment in contravention of Tenn. Code Ann. 39-13-302.

4

abridgment of the right of any citizen of the United States to vote on account of race or color . . . ." 42 U.S.C. § 1973(a) Further, as defendants argue, Plaintiff must allege "that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a)" or assert facts from which the inference can be drawn that voters were actually disenfranchised in order to state a valid claim under the Act. 42 U.S.C. § 1973(b). Plaintiff has failed to specifically allege, or state facts sufficient to infer, that any voter or group of voters was prevented from voting. Even construing Plaintiff's complaint liberally, the most that Plaintiff can allege is that defendants' efforts to disavow him caused some voters that cast their ballots for him in the primary election to cast their votes for other candidates in the general election.

While this finding is sufficient to dismiss Plaintiff's claims, the Magistrate Judge notes a more fundamental flaw in Plaintiff's argument—he has not alleged action or facts that would infer action by "any State or political subdivision" thereof. 42 U.S.C. §§ 1973(a). Plaintiff conflates the actions of the officers and employees of the TDP with the Democratic Party's Primary Board, but does not assert, nor can he legitimately assert, that action by either entity can be fairly attributable to the State. Tennessee law states that "the Executive Committee of the Tennessee Democratic Party . . . acts as the State Primary Board for the party." *Kurita v. State Primary Bd. of the Tenn. Democratic Party*, No. 3:08-0948, 2008 U.S. LEXIS 88071 at *6 (M.D. Tenn. Oct 14, 2008) (citing Tenn. Code Ann. § 2-13-102)). However, neither the TDP nor the Primary board "exercise 'powers traditionally reserved to the State.'" *Id.* at *20 (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974)) This does not become less so "[m]erely because [the Democratic Primary Board] is subject to state regulation." *Id.* at *26 (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1336 (6 th Cir. 1992)) As the court in *Kurita* found,

while the Democratic Primary Board is a creature of state law, the Tennessee General Assembly "disclaimed any role of State government in resolving party nomination contests and instead reserved power exclusively to the political party to choose the nominee whose name will appear on the general ballot." *Id.* at *21 (citing Tenn. Code Ann. § 2-17-104(c)).

Plaintiff's remaining claims are governed exclusively by Tennessee State Law. While the Court here "retains discretion to exercise supplemental jurisdiction" over those claims, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)), the Court should remand those claims where " judicial economy, convenience to parties, fairness, and comity to state courts" demand. *Packard v. Farmers Ins. Co. of Columbus*, 423 Fed. Appx. 580, 584 (6 th Cir. 2011) (citing *City of Chicago v. Int'l. Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)). In the instant case, comity and fairness weigh heavily in favor of remand.

Governance of a state's political process and control over its political parties is an area of grave importance to the State. This is particularly so where, as here, the legislature has dictated both the form and forum of squabbles over internal party decisions. Of only slightly less import is fairness. As the master of his complaint, Plaintiff initially chose "to have the cause heard in state court" and that cause is only here based upon defendants' removal on the basis of his claims under the Act which should be dismissed. *See Warner v. Ford Motor. Co.*, 46 F.3d 531, 534 (6th Cir. 1995) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 388-89 (1987)). As such, the District Court should decline to exercise its pendant jurisdiction over Plaintiff's remaining state law claims and remanded them to the Circuit Court for Davidson County, Tennessee, from which they originated.

### III. **CONCLUSION**

For the reasons stated above, the undersigned Magistrate Judge finds that Plaintiff has failed to state a claim to relief under the 42 U.S.C. § 1973. As such, that claim should be dismissed. Further, because Tennessee's interest in Plaintiff's remaining claims is paramount and remanding those claims would not prejudice defendants or subvert judicial economy, Plaintiff's remaining state law claims should be remanded to the Circuit Court for Davidson County, Tennessee.

### IV. **RECOMMENDATION**

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's claims under 42 U.S.C. 1973 be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6). Further, the undersigned **RECOMMENDS** that the District Court, in its discretion, decline to exercise its supplemental jurisdiction over Plaintiff's state law claims and remand those claims to the Circuit Court for Davidson County, Tennessee.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 30th day of June 2014.

/s/Joe B. Brown
Joe B. Brown
U.S. Magistrate Judge